UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X  **NOT FOR PUBLICATION**
BRITTANY KNIGHT,

                        Plaintiff,                     **MEMORANDUM AND ORDER**

                -against-                     15-CV-4995 (PKC)

GAIL VAUGH, Dir. of Human Res. Mgt;
F. WILKIE-FIELDS, Union Rep.,

                      Defendants.
------------------------------------------------------------X
PAMELA K. CHEN, United States District Judge:

      On August 25, 2015, Plaintiff Brittany Knight, appearing *pro se*, filed this action pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"). The Court grants Plaintiff's request to proceed *in forma pauperis*. As set forth below, the complaint is dismissed, and Plaintiff is directed to file an amended complaint within thirty (30) days from the date of this order.

*BACKGROUND*

      Using the Court's form complaint, Plaintiff alleges that this action is brought pursuant to the ADEA, but indicates that she was born in 1990 and is less than 40 years old. (Compl. at ECF 1-2[1].) Plaintiff alleges that the discriminatory conduct consisted of termination, unequal terms and conditions of employment, and retaliation. (*Id.* at ECF 3.) Specifically, Plaintiff states that she was placed on disciplinary probation "due to calling out a lot" to care for her sick child, that while on probationary status at her job, she was injured and required medical attention, and that she did not find out she "was terminated [until] October 2015" because the termination letter was sent to an old address, even though her employer had her current address. (*Id.* at ECF 4-5.)

---

[1] "ECF" refers to pagination generated by the Court's electronic docketing system and not the document's internal pagination.

Plaintiff further alleges that her union representative failed to file a grievance based on the termination.  (*Id.* at ECF 5.)

Plaintiff states that she filed a charge with the New York State Division of Human Rights or the New York City Commission on Human Rights on July 1, 2015, and filed a charge with the Equal Employment Opportunity Commission ("EEOC") on April 7, 2014.  (*Id.* at ECF 4.)  On August 18, 2015, the EEOC issued a right to sue notice indicating that Plaintiff's charge was not timely filed.

*STANDARD OF REVIEW*

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  At the pleading stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint.  *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Iqbal*, 556 U.S. at 678).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  In addition, a *pro se* complaint is "to be liberally construed," *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012), and interpreted "to raise the strongest arguments that [it] suggest[s]," *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996).  However, under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint, filed *in forma pauperis*, if the complaint "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief."  An action is frivolous as a matter of law when, *inter alia*, it is based on an "indisputably meritless legal theory"– that is, when it

"lacks an arguable basis in law . . . or [when] a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend if a valid claim could be stated. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

*DISCUSSION*

A. ADEA

The ADEA provides that it is "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). A plaintiff must be "at least 40 years of age" to receive the protections of the statute. *Id.* at § 631(a).

In reviewing Plaintiff's complaint, the Court is mindful of the lowered standard of review applicable to discrimination complaints at the motion to dismiss stage. *E.E.O.C. v. Port Auth. of New York & New Jersey*, 768 F.3d 247, 254 (2d Cir. 2014) ("[W]hile a discrimination complaint need not allege facts establishing each element of a prima facie case of discrimination to survive a motion to dismiss, it must at a minimum assert nonconclusory factual matter sufficient to nudge[ ] [its] claims . . . across the line from conceivable to plausible to proceed.") (internal citations and quotations omitted) (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002); *Iqbal*, 556 U.S. at 680). A plaintiff alleging employment discrimination thus may withstand a motion to dismiss without pleading each element of a *prima facie* case. *Vega v. Hempstead Union School Dist.*, No. 14 Civ. 2265, 2015 WL 5127519, at *9 (2d Cir. Sept. 2, 2015) ("a plaintiff is not required to plead a *prima facie* case under *McDonnell Douglas* . . . to defeat a

3

motion to dismiss."). The Court may find the claim sufficient to comply with FRCP 8(a)(2) so long as it provides "a short and plain statement of the claim that shows that plaintiffs are entitled to relief and that gives the defendants fair notice of plaintiffs' claims of age discrimination and the grounds upon which those claims rest." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 238 (2d Cir. 2007).

Here, Plaintiff states she was born in 1990 and admits that she is less than 40 years old. (Compl. at ECF 3.) Therefore, notwithstanding the lowered pleading standard that applies, it is clear that Plaintiff is not within the protected age group and cannot allege a prima facie case of age discrimination. Plaintiff's ADEA claim is dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B).[1]

### B. Duty of Fair Representation

"The duty of fair representation is a 'statutory obligation' . . . requiring a union 'to serve the interests of all members without hostility or discrimination[,] . . . to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct.'" *Fowlkes v. Ironworkers Local* 40, 790 F.3d 378, 387 (2d Cir. 2015) (quoting *Vaca v. Sipes*, 386 U.S. 171, 177 (1967)). "A union breaches its duty of fair representation if its actions with respect to a member are arbitrary, discriminatory, or taken in bad faith." *Id.* at 388 (citing *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 67 (1991)). Such a claim "accrue[s] no later than the time when [a plaintiff] knew or reasonably should have known that such a breach of the duty of fair representation had occurred," *see Cohen v. Flushing Hosp. & Med. Ctr.*, 68 F.3d 64, 67 (2d Cir. 1995), and is subject to a six-month statute of limitations, *see DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 169-72 (1983). In addition, a duty of fair representation claim does not

---

[1] Although Plaintiff checks off "disability - sick child", *see* Compl. at ECF 3, Plaintiff fails to allege any facts to support a claim under the Americans with Disabilities Act of 1990.

lie against individual defendants; such a claim may be stated only against a union. *See Morris v. Local 819, Int'l Bhd. of Teamsters*, 169 F.3d 782, 784 (2d Cir. 1999) (*per curiam*).

Here, Plaintiff alleges that her union representative, Defendant F. Wilkie-Fields failed to file a grievance on her behalf. If Plaintiff seeks to file a duty of fair representation claim, she must amend her complaint to name the union and not the individual union representative. Furthermore, Plaintiff must also provide facts to support her claim that the union failed to fulfill its duty of fair representation to her, including the date when she knew that the union allegedly failed to represent her. At present, the dates provided by Plaintiff do not make sense. For example, Plaintiff states that she found out she was terminated sometime in October 2015 (*see* Compl. at ECF 5), which cannot be correct since that date is yet in the future and is *after* the filing of this action on August 25, 2015.

## *CONCLUSION*

Accordingly, the complaint, filed *in forma pauperis*, alleging age discrimination is dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B). Plaintiff's request for *pro bono* counsel is denied without prejudice. However, the Court attaches to this Order information on the Federal Pro Se Legal Assistance Project in this District. In light of Plaintiff's *pro se* status, the Court directs Plaintiff to file an amended complaint to support her duty of fair representation claim or any other employment discrimination claim based on a violation of a federal statute. The amended complaint must name as Defendants the union and/or the employer. Plaintiff must attach a copy of the employment discrimination charge she filed with the EEOC or state or city agency, if available. Plaintiff must provide the dates of all relevant acts as set forth above.

If Plaintiff elects to file an amended complaint, it must be captioned "AMENDED COMPLAINT" and bear the docket number 15-CV-4995 (PKC) (LB). If filed, the amended

5

complaint shall replace the original complaint. All further proceedings shall be stayed for 30 days or until Plaintiff has complied with this order. If Plaintiff fails to comply with this order within the time allowed, judgment dismissing this action shall enter. If Plaintiff files an amended complaint, it shall be reviewed for substantive sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

　/s Pamela K. Chen　
PAMELA K. CHEN
United States District Judge

Dated: October 6, 2015
　　　　Brooklyn, New York